IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. 4:18-CR-80-SDJ-KPJ-1 |
| DANIEL BLAKE RODRIGUEZ (1) | § § § | |

### AMENDED REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on October 24, 2023, to determine whether Defendant violated his supervised release. Defendant was represented by Federal Public Defender Sarah Jacobs. The Government was represented by Assistant United States Attorney Michael Anderson.

On November 14, 2018, United States District Judge Marcia A. Crone sentenced Defendant to a term of thirty-seven (37) months imprisonment on each Count ordered to run concurrently, followed by three (3) year terms of supervised release on each Count. *See* Dkt. 42 at 1. The original offense for which Defendant was sentenced was Count 1: Possession of a Firearm by a Felon; and Count 2: Possession of Firearm or Ammunition by a Felon. *See id.* On April 7, 2021, Defendant completed his term of imprisonment and began serving the term of supervision. *See id.* at 3.

On September 11, 2023, the U.S. Probation Officer filed the First Amended Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 42), alleging Defendant violated eight conditions of supervised release. *See id.* at 1–3. The Petition asserts Defendant violated the following conditions of supervision: (1–2) Defendant must not commit

1

another federal, state, or local crime; (3) Defendant must not unlawfully possess a controlled substance; (4) Defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers); (5) Defendant must refrain from any unlawful use of a controlled substance; (6) after initially reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed; (7) Defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged; and (8) Defendant must submit to substance abuse testing, under the guidance and direction of the U.S. Probation Office. *See id.*

The Petition asserts Defendant violated the foregoing conditions as follows:

(1) On April 11, 2022, Defendant was arrested by the Princeton Police Department and charged with the offense of Assault by Contact Family Violence (Class C Misdemeanor) in violation of Texas Penal Code § 22.01. According to the offense report, Defendant got into a fight with his brother, Jacob. After the initial fight was over, Jacob was trying to show Defendant something on his phone when Defendant sucker punched him in the right eye. On April 12, 2022, Defendant entered a plea of guilty and requested time served on the matter.

On June 10, 2022, Defendant was issued a citation by the Texas Department of Public Safety and charged with Violation 1: Possession of Drug Paraphernalia, and Violation 2: Driving While License Invalid, in violation of Texas Penal Codes TXHSC 481.125(A) and TXTRC 521 457(E). As of this writing, these matters remain pending.

(2-4) On August 26, 2023, Defendant was arrested by the McKinney Police Department and charged with the offense of Manufacture/Delivery of CS PG1 4G<200G (1st Degree Felony, Felon in Possession of Firearm (3rd Degree Felony), and Evading Arrest and Detention (3rd Degree Felony). It is alleged that Defendant evaded police by travelling at a high rate of speed in his vehicle until he lost control and crashed. Inside the vehicle officers discovered numerous pills of controlled substances, and a black Ruger LCP .380acp handgun. Charges remain pending in Collin County, Texas.

(5) On April 17, 2023, Defendant submitted a urine specimen and tested positive for marijuana. The specimen was confirmed positive by Alere Toxicology, Inc., on April 21, 2023.

On June 8, 2023, Defendant submitted a urine specimen and tested positive for amphetamine and methamphetamine. The specimen was confirmed positive by Alere Toxicology, Inc., on June 16, 2023.

On June 26, 2023, Defendant reported to the U.S. Probation Office and provided a specimen which tested positive for cocaine. The specimen was confirmed positive by Alere Toxicology, Inc., for cocaine use.

(6) On March 14, 2023, Defendant was instructed to report to the U.S. Probation Office on March 20, 2023; however, he failed to report as instructed. On March 21, 2023, Defendant was instructed to report to the U.S. Probation Office on March 24, 2023; however, Defendant failed to report as instructed.

On August 25, 2023, Defendant was instructed to report to the U.S. Probation Office no later than 3:30 p.m.; however, Defendant failed to report as instructed.

(7) On January 18, 2022, Defendant was unsuccessfully discharged from mental health treatment with Fletcher Counseling & Associates in Plano, Texas, due to attendance issues and his unwillingness to actively participate in mental health treatment.

(8) Defendant failed to report for his random substance abuse testing on June 24, 2021, and November 3, 2021.

On October 24, 2023, the Court conducted a final revocation hearing on the Petition. *See* Minute Entry for October 24, 2023. Defendant entered a plea of true to allegations five through eight, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the undersigned. *See id.*; Dkt 53. The Government moved to withdraw allegations one through four, which the Court granted. *See* Minute Entry for October 24, 2023. The Court finds Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the October 24, 2023, hearing, the Court recommends that Defendant be committed

to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months on each Count, ordered to run concurrently with each other, but consecutive to any other term of imprisonment, with no supervised release to follow. The Court further recommends Defendant be placed at FMC Fort Worth in Fort Worth, Texas, if appropriate.

**So ORDERED and SIGNED this 28th day of December, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE